UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GODBOLT,　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |
| 　　　　Plaintiff,　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |
| 　　v.　　　　　　　　　　　　　　　　　) | Case No. 1:08-cv-01201 (JDB) |
| 　　　　　　　　　　　　　　　　　　　　) | |
| DISTRICT OF COLUMBIA GOVERNMENT ) | |
| OFFICE OF TECHNOLOGY　　　　　　　) | |
| MANAGEMENT SERVICE, *et al.*　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |
| 　　　　Defendants.　　　　　　　　　　) | |

**MOTION OF DEFENDANT AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, TO DISMISS**

In accordance with Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, American Federation of State, County, and Municipal Employees, AFL-CIO ("AFSCME") asks the Court to dismiss the plaintiffs' complaint for lack of jurisdiction and failure to state a claim. The District of Columbia's Comprehensive Merit Personnel Act provides the exclusive statutory basis, forum, and remedy for the plaintiffs' claims against AFSCME.

A memorandum of points and authorities in support of AFSCME's motion and a proposed order are attached.

July 28, 2008

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: /s/ Anton G. Hajjar
    Anton G. Hajjar (D.C. Bar No. 359267)
    ahajjar@odsalaw.com

1300 L Street N.W., Suite 1200
Washington, DC 20005
(202) 898-1707

*Attorneys for American Federation of State, County and Municipal Employees, AFL-CIO*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GODBOLT,<br><br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA GOVERNMENT<br>OFFICE OF TECHNOLOGY<br>MANAGEMENT SERVICE, *et al.*<br><br>      Defendants. | Case No. 1:08-cv-01201 (JDB) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT
AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, AFL-CIO, TO DISMISS**

This lawsuit against the American Federation of State, County and Municipal Employees, District Council 20, AFL-CIO ("AFSCME") alleges a breach of its duty of fair representation. According to paragraph 15, "co-defendant AFSCME breached its duty of fair representation by failing to prosecute the grievance" over Godbold's termination by co-defendant District of Columbia Government, Office of Technology Management Services ("OTMS"). This Court has no jurisdiction over this claim. Rather, by operation of the District's Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§ 1-601.1 *et seq.*, claims of breaches of the duty of fair representation are within the exclusive original jurisdiction of the District of Columbia Public Employee Relations Board ("PERB").

3

Federal Rule of Civil Procedure 8(a) requires a plaintiff to state the grounds upon which the federal court's jurisdiction depends. A plaintiff has the burden of establishing grounds for jurisdiction by showing either diversity of citizenship or that a federal question exists. Nihiser v. White, 211 F.Supp. 2d. 125, 128 (D.D.C. 2002)(*citing* District of Columbia Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987)).

The federal cause of action alleged in paragraph 4 of the complaint is 5 U.S.C. § 7116. This is the section of the federal sector labor management statute which has no applicability to the District of Columbia. That section defines unfair labor practices by agencies of the federal government. In any event, the Federal Labor Relations Authority, not this Court, has exclusive jurisdiction over such claims. Karahalios v. National Fed'n of Fed. Employees, 489 U.S. 527 (1989); Steadman v. Governor, United States Soldiers' and Airmen's Home, 918 F.2d 963 (D.C. Cir. 1990).

The right of employees of the District of Columbia to engage in collective bargaining with the D.C. government is rooted in the CMPA. As this Court has noted:

> The CMPA was enacted to provide employees of the District of Columbia an impartial and comprehensive administrative scheme for resolving employee grievances. Holman v. Williams, 436 F.Supp.2d 68, 74 (D.D.C.2006). The District of Columbia Court of Appeals has consistently held that, with only one exception, the CMPA is the exclusive avenue for aggrieved employees of the District of Columbia to pursue work-related complaints. Id.; *see* Baker v. Dist. of Columbia, 785 A.2d 696, 697-98 (D.C.2001) (holding that CMPA is exclusive remedy for D.C. employees and that 'the Superior Court is not an alternative forum ..., but rather serves as a last resort for reviewing decisions generated by CMPA procedures"); Robinson v. Dist. of Columbia, 748 A.2d 409, 411-12 (D.C.2000) (holding that the only exception is for torts based on a claim of sexual harassment). Under the CMPA, an employee must bring an

employee grievance to the District of Columbia Public Employee Relations Board ("PERB"). Lightfoot v. Dist. of Columbia, 2006 WL 54430, at *8 (D.D.C. Jan. 10, 2006).

Jackson v. District of Columbia Dept. of Health, 2007 WL 1307891 at *2 (D.D.C. 2007). The CMPA specifically imposes a duty of fair representation on unions representing DC government employees, and exclusive jurisdiction over claims of a breach of this duty rests with the PERB. D.C. Code §§ 1-617.11(a) and 1-617.04.(b)(1). *See e.g.* Board of Trustees, UDC v. Myers, 652 A.2d 642, 646 (D.C. 1995)(refusal to take grievance to arbitration, duty to investigate a grievance, and perfunctory treatment of a grievance are part of the duty of fair representation). The D.C. Court of Appeals has consistently held that any breach of a union's duty of fair representation is a matter within the exclusive jurisdiction of the PERB. Fraternal Order of Police v. Public Employees Relations Board, 516 A.2d 501, 504 (D.C. 1986); Hawkins v. Hall, 537 A.2d 571, 576 (D.C. 1988); District of Columbia v. Thompson, 593 A.2d 621, 626-627 (D.C. 1991); Hoggard v. Public Employee Relations Board, 655 A.2d 320, 325 (D.C. 1995); Cooper, 656 A.2d at 1144 (D.C. 1995). This Court has also recognized PERB's exclusive jurisdiction over claims raised in federal court, stating that

> under the CMPA, the PERB has exclusive jurisdiction over disputes involving grievances under a collective bargaining agreement, regardless of whether claims against a union allege a breach of the duty of fair representation or breach of contract...As all of plaintiff's claims are preempted by the CMPA, this Court lacks subject matter jurisdiction over them.

Jackson, 2007 WL 1307891 at *3 (D.D.C.,2007)(*citing* Holman, 436 F.Supp.2d at 74 ("Preemption by the CMPA divests the trial court-whether it be the Superior Court or

this Court-of subject matter jurisdiction.")).

The plaintiffs' duty of fair representation claims against AFSCME should therefore be dismissed with prejudice.


July 28, 2008                    Respectfully submitted,

                                          O'DONNELL, SCHWARTZ & ANDERSON, P.C.


                                          By: /s/ Anton G. Hajjar
                                               Anton G. Hajjar (D.C. Bar No. 359267)
                                               ahajjar@odsalaw.com

                                               1300 L Street N.W., Suite 1200
                                             Washington, DC 20005
                                             (202) 898-1707

                                             *Attorneys for the American Federation of State, County and Municipal Employees, AFL-CIO*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN GODBOLT,<br><br>      Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA GOVERNMENT<br>OFFICE OF TECHNOLOGY<br>MANAGEMENT SERVICE, *et al.*<br><br>      Defendants. | Case No. 1:08-cv-01201 (JDB) |

ORDER

Upon consideration of the Motion to Dismiss of American Federation of State, County and Municipal Employees, AFL-CIO,, it is this _____ day of _____, 2008, hereby

**ORDERED** that the Motion to Dismiss of American Federation of State, County and Municipal Employees, AFL-CIO is **GRANTED**. The plaintiff's complaint against American Federation of State, County and Municipal Employees, AFL-CIO is hereby dismissed with prejudice.

_____
United States District Court Judge

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion of American Federation of State, County and Municipal Employees, AFL-CIO, Memorandum in Support of the Motion and proposed order, were sent through the court's electronic case filing system to:

>   Karpel & Link
>
>   Karpel-link@verizon.net

And by first class mail, postage prepaid, to:

>   Peter J. Nickles
>   Attorney General
>   District of Columbia
>   441 4th Street NW, Suite 1060 N
>   Washington, DC 20001

July 28, 2008                                    ___/s/ Anton Hajjar___

                                                 Anton Hajjar